IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERRY ALEXANDRE,                         No.  CIV.S-05-0626 DAD

    Plaintiff,

  v.                                      ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

      Plaintiff Sherry G. Alexandre applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), respectively.

1

1  (Transcript (Tr.) at 100-02, 354.)  The Commissioner denied
2  plaintiff's applications initially and on reconsideration.  (Tr. at
3  84-87, 90-95.)  Pursuant to plaintiff's request, a hearing was held
4  before an administrative law judge ("ALJ") on February 13, 2002, at
5  which time plaintiff was represented by counsel.  (Tr. at 591-604.)
6  In a decision issued on April 19, 2002, the ALJ determined that
7  plaintiff was not disabled.  (Tr. at 10-22.)  The Appeals Council
8  declined review of the ALJ's decision (Tr. at 6-7) and plaintiff
9  sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing a
10 complaint in this court on August 19, 2002.  (See Alexandre v. Comm'r
11 of Soc. Security, No. CIV.S-02-1838 DFL DAD.)

12          By stipulation and order filed April 15, 2003, plaintiff's
13 case was remanded for further proceedings.  (Tr. at 400-05.)  Another
14 hearing was held before the ALJ on March 3, 2004, at which time
15 plaintiff again was represented by counsel.  (Tr. at 605-90.)  In a
16 decision issued on June 25, 2004, the ALJ again determined that
17 plaintiff was not disabled.  (Tr. at 384-98.)  The ALJ's decision
18 concerned plaintiff's initial applications filed in 2000 as well as a
19 more recent application for Disability Insurance Benefits filed in
20 June of 2002.  (Tr. at 387, 413-16.)  The ALJ entered the following
21 findings in his decision:

              1.  The claimant meets the nondisability
                  requirements for a period of disability
                  and Disability Insurance Benefits set
                  forth in Section 216(i) of the Social
                  Security Act and is insured for
                  benefits through December 31, 2003.
25 /////
26 /////

2

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative changes at C4-5, chronic neck, hip and low back pain, anxiety disorder and depression are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: lift 20 pounds occasionally and 10 pounds frequently, walk/stand six hours, sit six hours, occasionally perform postural activities; and mentally avoiding frequent contact with the public and co-workers.

7. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).

9. The claimant has "more than a high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

10. The claimant has no transferrable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

> 11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR §§ 404.1567 and 416.967).
>
> 12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using the Medical-Vocational Rule 202.21 and 202.22 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as assembler with 15,000 in the state and 100,000 nationally; brake adjuster with 3,000 in the state and 30,000 nationally; and hotel maid.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. at 397-98.) The Appeals Council declined review of the ALJ's decision on February 8, 2005. (Tr. at 363-66.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on March 29, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971));  see also Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (Substantial evidence "is more than a mere scintilla but not necessarily a preponderance.") .

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

/////

5

>Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances three main arguments in her motion for summary judgment.  First, plaintiff asserts that the ALJ's decision does not adequately explain the ALJ's residual functional capacity determination.  Second, plaintiff argues that the ALJ erred in finding the testimony of plaintiff and certain lay witnesses regarding the extent of plaintiff's limitations to be less than fully credible.  Third, plaintiff contends that the ALJ erred in rejecting the opinions of plaintiff's treating physicians.  The court addresses these arguments below, although not in the order in which plaintiff has presented them.

1   The court will first address whether the ALJ erred in his
2 treatment of the opinions of Stacey Ahrons, Ph.D. and Eugene Fealk,
3 D.O., plaintiff's treating psychologist and psychiatrist,
4 respectively.  (Tr. at 543-44, 587-88.)  Dr. Ahrons and Dr. Fealk
5 treated plaintiff at Hill Behavioral Health Group, Northern
6 California Behavioral Health.  (Tr. at 334-45, 546-86.)  In February
7 of 2004, Dr. Ahrons and Dr. Fealk assessed numerous serious
8 limitations with respect to plaintiff's ability to engage in a host
9 of work-related mental activities.  (Tr. at 543-44, 587-88.)

10   It is well-established that the medical opinion of a
11 treating physician is entitled to special weight.  See Fair v. Bowen,
12 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421
13 (9th Cir. 1988).  "As a general rule, more weight should be given to
14 the opinion of a treating source than to the opinion of doctors who
15 do not treat the claimant."  Lester, 81 F.3d at 830 (citing Winans v.
16 Bowen, 853 F.2d 643, 647 (9th Cir. 1987)).  "At least where the
17 treating doctor's opinion is not contradicted by another doctor, it
18 may be rejected only for 'clear and convincing' reasons."  Id.
19 (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).
20 "Even if the treating doctor's opinion is contradicted by another
21 doctor, the Commissioner may not reject this opinion without
22 providing 'specific and legitimate reasons' supported by substantial
23 evidence in the record for so doing."  Id. (citing Murray v. Heckler,
24 722 F.2d 499, 502 (9th Cir. 1983)).

25   The ALJ's discussion in his decision of the findings and
26 opinions of Dr. Ahrons and Dr. Fealk reflects that the ALJ gave those

7

findings and opinions serious consideration. (Tr. at 390.) Nonetheless, in declining to accept the opinions of Dr. Ahrons and Dr. Fealk that plaintiff was disabled, the ALJ found the extreme conclusions expressed on the forms completed by those mental health professionals to be unsupported by the rest of the evidence including the doctors' own treatment notes. (Tr. at 334-45, 546-86.) The ALJ reasonably interpreted those treatment notes as reflecting only mild to moderate symptoms related to plaintiff's anxiety and depression. Additionally, the ALJ cited in detail a number of medical records and reports which fail to support the severe limitations assessed by Dr. Ahrons and Dr. Fealk. (Tr. at 390.) It is unnecessary to repeat the ALJ's account of that evidence here. However, the undersigned will highlight a few examples of substantial evidence supporting the ALJ's findings in this regard. The evidence of record includes intake documents from the year 2000 from PGSP Clinic (Tr. at 199-207), which do not paint nearly as severe a picture of plaintiff's condition as the opinions of Dr. Ahrons and Dr. Fealk. (Tr. at 268, 314). Likewise, treatment records from March of 2000 indicate success in managing plaintiff's anxiety with a "small amount" of medication. (Id.) The evidence also includes an August 29, 2000, nonexamining state agency physician opinion that plaintiff does not have a severe mental impairment (Tr. at 208-10); a GAF of 80 assessed by Dr. Fealk in 2001 (Tr. at 341)[1]; the January 22, 2002, report from examining

---

[1] According to the DSM-IV, a Global Assessment of Functioning ("GAF") score of 71-80 indicates that "[i]f symptoms are present, they are transient and expectable reactions to psychosocial stressors (e.g., difficulty concentrating after family argument); no more than

8

psychologist Michelina Regazzi, Ph.D., who found plaintiff to have some difficulties and limitations but none as extreme as those found by Dr. Ahrons and Dr. Fealk (Tr. at 346-53); and the July 11, 2002, opinion from a nonexamining state agency physician who found a severe impairment with some moderate limitations but concluded that the impairment was not expected to last twelve months (Tr. at 492-509).

For all of these reasons, the ALJ sufficiently stated specific and legitimate reasons supported by substantial evidence in the record for not fully crediting the opinions of Dr. Ahrons and Dr. Fealk. See Bayliss v. Barnhart, 427 F.3d 1211, 1216-17 (9th Cir. 2005); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004); Lester, 81 F.3d at 830-31.  Plaintiff's argument to the contrary is unpersuasive.

Turning next to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms an ALJ may consider the presence or

---

slight impairment in social, occupational, or school functioning (e.g., temporarily falling behind in schoolwork)."  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

absence of supporting objective medical evidence along with other factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness.  See Fair, 885 F.2d at 604 n.5.

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings.  Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848).  Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence.  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792.  See also Reddick, 157 F.3d at 722.

Here, plaintiff's medical records document conditions which might reasonably be expected to cause the symptoms allegedly suffered by plaintiff.  However, while plaintiff alleges that she is totally unable to work due to the severity of her symptoms stemming from her impairments, the ALJ made specific and detailed findings in not fully crediting that testimony.  The ALJ evaluated plaintiff's subjective complaints regarding her physical and mental condition at

considerable length.  (Tr. at 392-95.)  He cited numerous specific reasons for not fully crediting plaintiff's testimony including, but not limited to, plaintiff's current and past activities inside and outside the home, such as doing chores, running errands and raising her children; educational pursuits such as attending college and obtaining a real estate license; and physical activities such as running, swimming and biking.  (See, e.g., Tr. at 119-25, 134-48, 529-30, 613-20, 646-47.)  The ALJ also relied upon normal diagnostic studies (Tr. at 227, 270-71, 295, 325) and opinions from various nonexamining (Tr. at 208-10, 228-35, 492-509, 515-22) and examining physicians (Tr. at 346-53, 510-14) and treating source notes (Tr. at 196-98, 201-07, 546-86 ) which do not support the extreme extent of the physical and mental limitations alleged by plaintiff.  In his lengthy discussion of plaintiff's subjective complaints, the ALJ fairly characterized the record and sufficiently stated specific, clear and convincing reasons for not fully crediting plaintiff's testimony regarding the severity of her symptoms.  See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).  Therefore, plaintiff's argument to the contrary must be rejected.

As noted above, plaintiff also argues that the ALJ erred in his treatment of the lay testimony of plaintiff's current and former husbands.  (Tr. at 69-81, 165, 459-61, 686-88.)  That evidence essentially supports plaintiff's own testimony regarding the extent of her limitations.  However, in accurately assessing the medical evidence as a whole and detailing his reasons for not fully crediting plaintiff's testimony, the ALJ sufficiently provided specific reasons

11

for disregarding this lay testimony as well.  In this regard, the ALJ distinguished the testimony of plaintiff's current and former husbands by incorporating by reference all of the reasons he set forth in distinguishing plaintiff's statements.  (Tr. at 395.)  Doing so was not erroneous.  See Bayliss, 427 F. 3d at 1218 ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses."); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)("In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons.")

Finally, plaintiff's more general challenge to the ALJ's residual functional capacity determination is unpersuasive as well. A claimant's residual functional capacity is what he can still do despite his limitations and is an assessment based upon all of the relevant evidence.  20 C.F.R. §§ 404.1545(a), 416.945(a); see also Mayes v. Massanari, 276 F.3d 453, 461 (9th Cir. 2001).  It is the duty of the ALJ to determine a claimant's residual functional capacity from the medical record.  20 C.F.R. §§ 404.1546(c), 416.946(c); see also Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

Here, the assessments of the examining physicians (Tr. at 346-53, 510-14), the nonexamining state agency physicians (Tr. at 208-10, 228-35, 492-509, 515-22), and the treatment notes upon which the ALJ relied (Tr. at 196-98, 201-07, 546-86) constitute substantial evidence in support of the ALJ's residual functional capacity determination.  The ALJ considered all of the evidence and reasonably

found plaintiff to have the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; walk or stand for 6 hours in a work day; sit for 6 hours; occasionally perform postural activities; all while avoiding frequent contact with the public and co-workers.  (Tr. at 395, 397.)  The medical evidence is consistent with the assessment that plaintiff is able to perform the work identified by the ALJ and the vocational expert who testified at the administrative hearing.  Accordingly, the ALJ's residual functional capacity assessment is supported by substantial evidence.

The court is not persuaded by plaintiff's more specific contentions that the ALJ failed to specifically and sufficiently address each relevant report and the testimony of each witness individually.  An ALJ is not required to expressly mention each and every medical document within the administrative record.  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)("The Secretary, however, need not discuss *all* evidence presented to her.  Rather, she must explain why "significant probative evidence has been rejected.").

Further, while plaintiff parses the ALJ's decision and discusses Dr. Ahrons and Dr. Fealk's records and findings in her motion in some detail, it must be noted that the court's scope of review in considering decisions granting or denying Social Security disability benefits is more limited than that suggested by plaintiff in her argument.  Hall v. Sec'y of Health, Educ. & Welfare, 602 F.2d 1372, 1374 (9th Cir. 1979) ("Congress has mandated a very limited

13

scope of judicial review of the Secretary's decisions granting or denying Social Security disability benefits.")  It is not the court's role to re-weigh the evidence or substitute its own judgment for the Commissioner's.  Winans, 853 F.2d at 644-45.  Further, if there is conflicting evidence supporting a finding of either disability or nondisability, the ALJ may resolve the conflict between experts so long as there is "more than one rational interpretation of the evidence."  Sprague, 812 F.2d at 1229-30.  See also Batson v. Commissioner, 359 F.3d at 1193 ("if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision . . . .")

        Here, as a general matter, the opinions of Dr. Ahrons and Dr. Fealk provide some evidence of disability.  However, the treatment notes of those and other physicians as well as the opinions of the examining and nonexamining physicians provide substantial evidence of nondisability.  The ALJ discussed all of this evidence and set forth his interpretation of that evidence in his decision.  The court finds the ALJ's interpretation of the evidence to be a rational one.  See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.").  Thus, while perhaps a somewhat close case, in finding plaintiff capable of performing work the ALJ properly discharged his responsibilities of determining credibility and resolving any conflicts or ambiguities in the medical testimony.  See

Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). For this reason as well, the court is unpersuaded by plaintiff's challenge of the ALJ's residual functional capacity determination.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment and/or remand is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner is affirmed.

DATED: September 18, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\alexandre0626.order.

15